Sabr Chems. Group, LLC v Northeast Chems., Inc. (2021 NY Slip Op 01955)





Sabr Chems. Group, LLC v Northeast Chems., Inc.


2021 NY Slip Op 01955


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 650608/19 Appeal No. 13461-13461A Case No. 2020-02266 2020-02509 

[*1]Sabr Chemicals Group, LLC, Plaintiff-Respondent,
v
Northeast Chemicals, Inc., Defendant-Appellant.


Westermann Sheehy Samaan & Gillespie LLP, East Meadow (Michael F. Kuzow of counsel), for appellant.
Grayson & Associates, PC, New York (Eric D. Grayson of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about February 19, 2020, which, to the extent appealed from, upon a search of the record, stayed the proceedings and directed the parties to arbitration, and order, same court and Justice, entered on or about May 22, 2020, which, to the extent appealed from, upon reargument, adhered to its original determination directing the parties to arbitration, unanimously reversed, on the law, with costs, and the direction to proceed to arbitration vacated.
Notwithstanding the convoluted procedural context of these appeals, the record demonstrates that plaintiff both implicitly and expressly waived any right to proceed to arbitration. Consequently, it was error for the court to search the record to make a finding that under the parties' agreement, they were to proceed to arbitration on their claims.
Plaintiff commenced this plenary action in New York State Supreme Court, relying on a purchase order providing for New York venue and the application of New York Law. Defendant moved to dismiss, relying on a purchase order providing for New Jersey venue and the application of New Jersey Law. The New Jersey purchase order propounded by defendant also stated that the parties' disputes would be arbitrated in New York City. Although the parties vigorously disputed which contract was authentic, at no time did either party ever affirmatively request that the matter be sent to arbitration. In fact, plaintiff argued that although it would accept arbitration in New York City as an alternative disposition of the parties' venue dispute, it vigorously maintained that that the matter was properly heard in the New York State courts.
The motion court sua sponte converted the motion to dismiss to one for summary judgment. The underlying dispute, regarding whether the New York or the New Jersey version of the parties' agreement was authentic, was sent for a hearing before a JHO. The dispute was settled before the JHO conducted any hearing. The parties, in a written stipulation, provided that the parties agreed: "[T]hat the venue of this action be in New York County and that this action be tried in New York County. The parties reserve all rights and remedies available at law and equity, except they waive any claims that this action between the parties should be heard in any other court or proceeding other than the Supreme Court of the State of New York, New York County or any appellate courts with jurisdiction."
Plaintiff waived any right to seek arbitration by commencing and proceeding to litigate in this plenary action, including by affirmatively arguing that New Jersey agreement which contained the arbitration provision was a fraud and never seeking to compel arbitration. While not every foray into the courthouse effects a waiver of the right to arbitrate, we are satisfied that the totality of plaintiffs' conduct here establishes such a waiver (Cusimano v Schunrr, 26 NY3d 391 [2015]; [*2]Black Rhino Invs. LLC v Wilson, 160 AD3d 531 [1st Dept 2018]). In addition, the stipulation in which the parties agreed to litigate their disputes in the New York Courts was an express waiver of the right to proceed to arbitration.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021